## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEWELCOR INCORPORATED,                 :
JEWELCOR JEWELERS AND                   :
DISTRIBUTORS, INC., and                 :
MARKETING OF JEWEL SERVICES,  :
INC.,                                   :
      Plaintiffs                        :
                            :
      v.                                :
                            :
MICHAEL KARFUNKEL and                   :
GEORGE KARFUNKEL, individually  :
and M & G EQUITIES,  a general          :
partnership, and THE SALVATION    :
ARMY,                                   :
      Defendants                        :

FILED
SCRANTON

AUG 0 3 2005

PER _____

DEPUTY CLERK

CIVIL NO. **3:99-CV-1251**

(JUDGE NEALON)

## <u>MEMORANDUM AND ORDER</u>

On March 22, 2005, this Court entered judgment in the amount of $448,

602.99 in favor of Jewelcor Incorporated, Jewelcor Jewelers & Distributors, Inc., and

Marketing of Jewel Services, Inc., ("Jewelcor") and against M&G Equities[1]

(Defendants).  On April 8, 2005 Jewelcor filed a Post-trial Motion for Attorneys'

Fees, Interest and Costs pursuant to Federal Rules of Civil Procedure 54(d)

(attorneys' fees) and 59(e) (prejudgment interest).  (Doc. 186).  Defendants responded

to this Motion on April 18, 2005 (Doc. 187) and in their brief alleged that Jewelcor's

filing was untimely.  On April 19, 2005 Jewelcor filed a Motion under Federal Rule

of Civil Procedure 6(b) for Enlargement of Time and for Relief from Judgment (Doc.

---

[1]M&G Equities is a general partnership and its partners, Michael Karfunkel and George
Karfunkel, will be collectively referred to as "M&G" or "Defendants."

189) and submitted its Brief in Support on May 5, 2005.[2] Defendants filed their Brief

in Opposition on May 25, 2005 alleging that Jewelcor could not establish "excusable

neglect" for its delay in filing its Motion for Attorneys' Fees and therefore its Motion

for Extension should be denied. (Doc. 200).  Jewelcor then filed a Reply Brief on

June 3, 2005 (Doc. 202).  Since the matter has been fully briefed, it is now ripe for

disposition.

## DISCUSSION

Federal Rule of Civil Procedure 54(d) provides as follows:

(2) Attorneys' Fees
    (A) Claims for attorneys' fees and related nontaxable expenses shall
    be made by motion unless the substantive law governing the action
    provides for the recovery of such fees as an element of damages to be
    proved at trial.
    (B) Unless otherwise provided by statute or order of the court, the
    motion must be filed no later than 14 days after entry of judgment;
    must specify the judgment and the statute, rule, or other grounds
    entitling the moving party to the award; and must state the amount or
    provide a fair estimate of the amount sought. If directed by the court,
    the motion shall also disclose the terms of any agreement with respect
    to fees to be paid for the services for which claim is made.
Fed. R. Civ. P. 54(d)(2).

---

[2]Jewelcor's Motion for Enlargement of Time and for Relief from Judgment requests both an enlargement of time under Fed.R.Civ.P. 6(b) for its Fed.R.Civ.P. 54(d) motion seeking attorneys' fees and a correction of the Court's Judgment under Fed.R.Civ.P. 60(a).  Only the merits of the 6(b) request will be addressed herein and the 60(a) Motion will be discussed in a separate opinion on the issue of Jewlecor's entitlement to prejudgment interest.

2

The terms of the underlying Lease provide for recovery of Attorneys' Fees which were to be tendered within five (5) days of Jewelcor's submission of its bill.[3] Lease, pp. 34-35.

Defendants properly contend, and Jewelcor concedes, that its Motion for Attorneys' Fees was not filed within fourteen (14) days of entry of judgment.[4] However, this 14 day period for filing is not jurisdictional and the court may extend the deadline in accordance with Fed.R.Civ.P. Rule 6(b)(2). Mints v. Education Testing Services, 99 F.3d 1253, 1260 (3d Cir. 1996).   Specifically, Rule 6(b)(2) allows an extension of time for filing upon a finding of excusable neglect.[5] The determination of what constitutes "excusable neglect" involves an  equitable analysis which must include consideration of "all relevant circumstances surrounding the

---

[3] The Lease provides as follows:
   In the event either party incurs any costs of expenses in enforcing any of the covenants and provisions of this lease, all such costs and expenses including, but not limited to, reasonable attorneys' fees, shall be paid by the defaulting party.  In the event of any action or proceeding brought by either party to this lease against the other, all costs, expenses and attorneys' fees incurred in connection therewith by the party prevailing in such action or proceeding shall be payable by the party not prevailing and may be included in and form a part of any judgment entered in any such action or proceeding.  All such amounts due under this sub-paragraph (k) shall be paid within five (5) days of the rendition of a bill or statement therefor.  Pp. 34-35.

[4] Judgment was entered on March 22, 2005 (Doc. 185) and Jewelcor did not file its Motion for Attorneys' Fees (Doc. 186) until April 8, 2005,  seventeen (17) days after entry of the Judgment.

[5] Fed.R. Civ. P 6(b) provides in part "the court for cause shown may at any time in its discretion ... or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and ( c)(2), 52(d), 59(b), (d) and (e), and 60 (b), except to the extent and under the conditions stated in them."

3

party's omission" and, where appropriate, may include late filings caused by

inadvertence, mistake or carelessness.  <u>Pioneer Investment Services, Co. v.</u>

<u>Brunswick Associates</u>, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993).  Particularly,

it is appropriate to consider the movant's good faith; prejudice to the debtor; length of

the delay; reason for the delay; and impact of the delay on judicial proceedings.  <u>Id.</u> at

395.

In the instant case Jewelcor initially identified its intent to seek attorneys'

fees in its Trial Brief (Doc. 169, pp.4, 15) and alluded to this intent throughout the

litigation.  As previously noted, the terms of the underlying Lease also provided for

recovery of attorneys' fees.  Defendants were well aware of this provision and

certainly should have anticipated that Jewelcor would seek an award of attorneys'

fees if it prevailed.  Further, Jewelcor alleges, and defendants do not dispute, that its

counsel, Geff Blake, left a voicemail message on or about March 31, 2005 with

defense counsel seeking his concurrence in the Motion for Attorneys' Fees and

providing defense counsel with an estimate of the attorneys' fees.  (Doc. 195, Ex. A,

¶¶ 6-8).

The Motion for Attorneys' Fees was filed only three (3) days after it was

due.  Such a delay, especially when defendants were on notice that Jewelcor would be

seeking attorneys' fees, is minimal and cannot be considered to have prejudiced

defendants.  While Jewelcor's filing did not comply with Rule 54(d), nonetheless, a

4

finding of excusable neglect is not foreclosed by the line of post <u>Pioneer</u> cases cited

by defendants. Both <u>Canfield v. Van Atta Buick/GMC Truck, Inc.</u>, 127 F.3d 248 (2d

Cir. 1997) and <u>Kyle v. Campbell Coup Co.</u>, 28 F.3d 928 (9th Cir. 1994) declined to

find excusable neglect based on a delay in filing due solely to "counsel's failure to

read and obey an unambiguous court rule." However, both Courts limited their

holdings to the particular facts before them, recognizing that a "finding that failure to

comply with a filing deadline was excusable may in some circumstances be

appropriate." <u>Canfield</u> at 250.

An added ingredient in the instant case that was not present in the cases

cited by defendants is the language in the lease that requires the prevailing party to

transmit a bill or statement to the defaulting party after which the defaulting party has

five (5) days to make payment. Based on a consideration of all the facts in this case,

and applying the flexible equitable factors set forth in <u>Pioneer,</u> a finding of excusable

neglect is warranted. The time delay in filing was minimal and defendants have not

made any showing that the delay resulted in prejudice to them. Further, the slight

delay in the filing has relatively no impact on the court's schedule. Additionally, the

computation of fees was a significant task requiring review of records extending over

a period of  eleven (11) years.  Since there was excusable neglect as defined by Fed.

R. Civ. P. 6(b), the Motion for Attorneys' Fees will be deemed timely.

Date: August 3, 2005                                    s/ William J. Nealon
                                                        United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEWELCOR INCORPORATED, JEWELCOR JEWELERS AND DISTRIBUTORS, INC., and MARKETING OF JEWEL SERVICES, INC., | : : : : : | |
| Plaintiffs | : | |
| | : | CIVIL NO. **3:99-CV-1251** |
| v. | : | |
| | : | (JUDGE NEALON) |
| MICHAEL KARFUNKEL and GEORGE KARFUNKEL, individually and M & G EQUITIES, a general partnership, and THE SALVATION ARMY, | : : : : : | |
| Defendants | : | |

## ORDER

**AND NOW,** this 3rd day of August, 2005, in accordance with the accompanying Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

(1)   Jewelcor's Motion for Enlargement of Time (Doc. 189), as it pertains to Jewelcor's filing of its Motion for Attorneys' Fees, is GRANTED;

(2)   Jewelcor's Motion for Attorneys' Fees (Doc. 186) is deemed timely filed; and

(3)   Defendants will be allowed fifteen (15) days from the date of this Order to respond to Jewelcor's Motion for Attorneys' Fees and Costs (Doc. 186).

s/ William J. Nealon
United States District Judge