# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

AUG 05 2005

PER _____ DEPUTY CLERK

JEWELCOR INCORPORATED,
JEWELCOR JEWELERS AND
DISTRIBUTORS, INC., and
MARKETING OF JEWEL SERVICES,
INC.,
    Plaintiffs

v.

MICHAEL KARFUNKEL and
GEORGE KARFUNKEL, individually
and M & G EQUITIES, a general
partnership, and THE SALVATION
ARMY,[1]
    Defendants

CIVIL NO. 3:99-CV-1251

(JUDGE NEALON)

## MEMORANDUM AND ORDER

Presently before the court is a Motion for Attorneys' Fees, Interest and Costs, filed by Plaintiff on April 8, 2005. (Doc. 186). On April 18, 2005, Defendants filed its response to the motion, asserting it was not timely filed. (Doc. 187). Thereafter, on April 19, 2005, Plaintiffs moved for both an Extension of Time, pursuant to Rule 6(b), and Relief from Judgment, pursuant to Rule 60(a). (Doc.

---

[1] The Salvation Army was dismissed as a party to this action prior to trial.

1

189).[2] Defendants filed an Answer to the Motion on May 2, 2005 (Doc. 194) and, following the submission of Plaintiffs' Brief in Support of the Motion on May 5, 2005 (Doc. 195), Defendants responded with a Brief in Opposition on May 25, 2005 (Doc. 200). A Reply was filed by Plaintiffs on June 3, 2005. (Doc. 202). The matter is now ripe for disposition. For the reasons stated below, the Motion for an Extension of Time and/or Relief from Judgment will be denied.

**Background**

This civil matter involved a commercial lease to which the following entities are the parties: Plaintiff Jewelcor is the lessee and the Defendant M& G Equities is the lessor.[3] The parties have been litigating their respective rights and obligations under the lease since 1991. That litigation has proceeded in this court, the United States Bankruptcy Court for the Middle District of Pennsylvania and the Court

---

[2] Although Plaintiffs' original Motion was for Attorneys Fees, Interest and Costs (Doc. 186), this Memorandum and Order will address only that portion of the motion that seeks prejudgment interest, as well as the Motion for Extension of Time and/or Relief from Judgment on the issue of entitlement to prejudgment interest. (Doc. 189).

[3] The three Plaintiffs, Jewelcor Incorporated, Jewelcor Jewelers and Marketing of Jewel Services will be collectively referred to interchangeably as "Plaintiffs" or "Jewelcor." The three entities are related and controlled primarily by Seymour Holtzman. (*See* Holtzman Deposition, Doc. 125, attachment 1). Similarly, Defendant M & G Equities, a general partnership, and its partners, George Karfunkel and Michael Karfunkel will be collectively referred to interchangeably as "M & G" or "Defendants."

of Appeals for the Third Circuit. The instant matter was initiated in this court on July 16, 1999, when Jewelcor filed a complaint alleging, *inter alia*, that it had been evicted from the leased premises by M & G and suffered monetary damages as a result of the eviction. (Doc. 1). In addition to denying Jewelcor's claims for damages, M & G submitted a counterclaim alleging that Jewelcor defaulted under an obligation in the lease requiring the lessee to make extensive repairs to the roof of the leased building. (Doc. 27).

After adjudicating a motion to dismiss filed by M & G, and motions for summary judgment filed by both parties, a non-jury trial was held on November 8, 9 and 12, 2004. On March 22, 2005 the court concluded that Jewelcor was entitled to damages for M & G's breach of the lease consisting of the difference between the fair rental value of the leasehold, less rent due under the lease, for the period of time that Jewelcor was dispossessed of the leasehold. It was further determined that M & G was not entitled to recover on its counterclaim seeking reimbursement for having replaced the roof. Accordingly, Judgment was entered in the amount of $448,602.99 in favor of Jewelcor on Count I of its complaint, and against M & G on its counterclaim.[4]

---

[4] The findings of fact were set forth fully in its March 22, 2005 Memorandum and Order.

As stated above, Plaintiffs filed a Motion pursuant to Fed. R. Civ. P.59(e) for Attorneys Fees, Interest and Costs on April 8, 2005. On April 18, 2005, in response to that motion, Defendants averred that Plaintiffs' motion, filed seventeen (17) days after the judgment, was untimely inasmuch as a Rule 59(e) motion must be filed within ten (10) days of judgment and the time limit is jurisdictional. The next day, April 19, 2005, Plaintiffs moved under Rule 60(a) for an Extension of Time and/or Relief from Judgment. Without conceding their motion was untimely, Plaintiffs sought additional time, *nunc pro tunc*, for the submission of the motion for Attorneys' Fees, Interest and Costs. They argued further that there exists a clerical error in the Judgment entered on March 22, 2005, and maintained that they should be entitled to ten (10) days following the correction of the purported error to file the Motion for Attorneys' Fees, Interest and Costs. Specifically, Plaintiffs' maintained that the court referenced "interest and costs" within the body of its March 22, 2005 Memorandum and Order (Doc. 184, p. 2) but entered judgment only for the loss of rental value in the amount of $448,602.99 and failed to award prejudgment interest. (Doc. 184, p. 41). Plaintiffs assert that the Judgment, entered by the Clerk on March 22, 2005, incorrectly states that "[i]t is Ordered and Adjudged that Summary

Judgment be and hereby is entered in favor of Plaintiff . . .[.]"[5] (Doc. 185)(emphasis added).

**Discussion**

*(A) Timeliness*

The court's Memorandum and Order was handed down on March 22, 2005. As stated above, Plaintiff's motion was filed on April 8, 2005, approximately seventeen (17) days after the judgment of the court. Under Rule 6(e):

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period.

Fed. R. Civ. P. 6. Defendants have challenged the timeliness of the motion, asserting that the additional three (3) day period may be utilized in the pleadings between the parties but is inapplicable to pleadings following filings by the court. *See* Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465 (5th Cir. 1998), *cert. denied,* 526 U.S. 1005 (Rule 6, adding three days to prescribed period after service of notice within which party must do some act if notice is served upon party by mail, does not apply to

---

[5] The erroneous reference to summary judgment was made by a docket clerk, despite the specific language in the court's judgment order which made no mention of summary judgment. Consequently, the court finds that this error has no bearing on, nor relates substantively to, the court's Memorandum and Order of March 22, 2005 order.

time periods that begin with the filing in court of a judgment or an order); FHC Equities, L.L.C. v. MBL Life Assur. Corp., 188 F.3d 678 (6th Cir. 1999)(Rule providing an extra three days to do some act or take some proceedings within a prescribed time period of less than 11 days after the service of a notice or other paper upon the party by mail does not apply to the 10-day period that runs from entry of judgment for moving to alter or amend the judgment); Parker v. Board of Public Utilities of Kansas City, Kan., 77 F.3d 1289 (10th Cir. 1996) (three-day mail provision did not apply to extend ten-day period for filing motion, since that period was triggered by entry of judgment, not by service of notice or other paper); Neiman v. Concordville Inn, 1994 WL 396482 (E.D.Pa. 1994)(Rule 6(e) is inapplicable to a Rule 59(e) motion to alter or amend a judgment since the latter runs from the entry of judgment rather than from receipt of notice of such entry).

Courts have repeatedly held that a postjudgment motion for prejudgment interest falls within the parameters of Rule 59(e),[6] and therefore must be made within ten (10) days of the entry of judgment. See Barrett v. U.S., 965 F.2d 1184 (1st Cir. 1992), *dismissal of post-conviction relief affirmed,* 178 F.3d 34, *certiorari denied* 528 U.S. 1176 (Ten-day period for filing motion to alter or amend judgment is

---

[6] Rule 59(e) provides:
    Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

jurisdictional); Truskoski v. ESPN, Inc., 60 F.3d 74 (2$^d$ Cir. 1995)(To be timely, a motion to alter or amend judgment must be brought no later than ten days after entry of judgment); Turner v. Ohman House Corp., 376 F.2d 347(6th Cir. 1967)(Motion to amend judgment, for new trial, or to alter and amend judgment must be made not later than 10 days after entry of judgment); Winston Network, Inc. v. Indiana Harbor Belt R. Co., 944 F.2d 1351 (7th Cir. 1991)(District court did not have discretion to extend ten-day time limit for filing motion to alter or amend judgment); Garrett v. U.S., 195 F.3d 1032 (8th Cir. 1999)(District court has no jurisdiction over untimely motion to alter or amend judgment, and any ruling upon it becomes a nullity); Harman v. Harper, 7 F.3d 1455, (9th Cir. 1993), *cert. denied* 513 U.S. 814 (District court had no power to extend ten-day filing period for filing motion to alter or amend judgment); Wright v. Preferred Research, Inc., 891 F.2d 886 (11th Cir. 1990)( Ten-day period for filing motion to alter or amend the judgment is jurisdictional and cannot be extended by the court).

As stated above, the additional three (3) days permitted under Rule 6(e) are inapplicable to motions following the entry of judgment. While Rule 6 does address motions for enlargements of time, it specifically states motions "made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any

action under Rule[], 59(e)[.]" Fed. R. Civ. P 6(b). *See* Spurgeon v. Delta S. S. Lines, Inc., 387 F.2d 358 (2nd Cir. 1967)(A motion to "resettle" a judgment to include prejudgment interest is a motion to alter or amend a judgment and time within which motion must be made after entry of judgment cannot be enlarged.);

Consequently, only if the court were to determine that the Judgment entered on March 22, 2005 contained a clerical mistake or omission, and the judgment was amended to correct such an error, would plaintiffs obtain the opportunity to file a timely motion for prejudgment interest under Rule 59(e).

*B. March 22, 2005 Memorandum and Order*

The Judgment entered on March 22, 2005 awarded damages to Jewelcor in the amount of $448,602.99 but did not include an award of prejudgment interest. Plaintiffs maintain that the absence of language awarding prejudgment interest was a "clerical oversight or omission" which is correctable under Fed. R. Civ. P. 60(a), inasmuch as the court intended to make such an award. The basis for this contention is the court's reference to "plus interest" in the body of the court's memorandum that "Judgment will be entered in the amount of $448,602.99, plus interest and costs." Plaintiffs argue further that the ten (10) day filing requirement under Fed. R. Civ. P. 59(e) would not commence until the order correcting the judgment is filed. As to the applicability of Rule 60(a), Plaintiffs cite Dudley v. Penn American Ins. Co., 313 F.3d

662 (2nd Cir. 2002); Pogor v. Makita U.S.A., Inc., 135 F.3d 384 (6th Cir. 1998); Kosnoski v. Howley, 33 F.3d 376 (4th Cir 1994); and Colletti v. American Life Assurance Co., No 98-CV-5886, 2001 U.S. Dist. LEXIS 24199 (E.D. Pa. October 11, 2001).

In response, Defendants contend that the United States Supreme Court in Osterneck v. Ernst & Whinney, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), stated that a postjudgment request for either discretionary or mandatory prejudgment interest must be pursued by a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and not Fed. R. Civ. P. 60(a).

The cases cited by Plaintiffs in support of their argument that a failure to include mandatory prejudgment interest in the judgment is remediable under Rule 60(a) are distinguishable. In Pogor, the judgment entered by the court contained the words "plus statutory interest." Moreover, the court noted that if the original judgment did not mention an award of interest, then a later motion to fix interest would be considered as an original request and Rule 59(e), not Rule 60(a), would govern.

In Kosnoski, the judgment actually provided for an award of interest which was held to be calculable under Rule 60(a) but the court also observed that if the judgment order itself did not mention prejudgment interest, then Rule 59(e) would

have to be utilized. <u>Dudley</u> involved the computation of the thirty (30) day period to file an appeal under Fed. R. App. P. 4(a). While the court did approve of the use of Rule 60(a) to correct the judgment where the trial court conceded that it intended to award prejudgment interest, it is to be noted that the motion was filed within ten (10) days thereby making it also timely under Rule 59(e). Thus, the court did not even address the holding in <u>Osterneck</u> as being relevant to its decision.

<u>Colletti</u> does support Plaintiffs contention that Rule 60(a) is the appropriate vehicle in a situation where prejudgment interest was mandatory under the law of Pennsylvania and the failure of Arbitrators to include it in a breach of contract action was construed as an oversight, mistake, omission or a clerical error which could be corrected under Rule 60(a). However, other court appellate cases subsequent to <u>Osterneck</u> have concluded that if the judgment itself is silent as to prejudgment interest, Rule 59(e) and not Rule 60(a) would apply. This rationale was also applied in <u>Crowe v. J.P. Bolduc</u>, 365 F.3d 86 (1st Cir. 2004), where Rule 59(e) and not Rule 60(a) was found to be applicable because the judgment did not mention interest even though it was awardable as a matter of right. *See also* <u>McCalla v. Royal MacCabees Life Insurance Co</u>, 369 F.3d 1128 (9th Cir. 2004)(mandatory prejudgment interest); <u>Capstick v. Allstate Ins. Co.</u>, 998 F.2d 810 (10th Cir. 1993)(mandatory prejudgment

interest); <u>Rougher v. Champion International Corp.</u>, 975 F.2d 483 (8th Cir. 1992). Consequently, the validity of the <u>Colletti</u> analysis has been significantly undermined.

The mention of interest and costs in the body of the memorandum was not intended to include an award of prejudgment interest but was a reference to the amount ultimately collectable in addition to the actual damages therein ascertained. The computation of recoverable postjudgment interest would depend upon when the judgment itself was satisfied. Similarly, the award of recoverable costs would be determined after calculation and submission by the prevailing party. Jewelcor presented evidence that its damages would be the difference between its rent payable under the lease and the rent obtainable in the market but made no specific claim for prejudgment interest in the Proposed Findings of Fact. If the court intended to award prejudgment interest it would have been addressed in more detail in the Memorandum itself. Nevertheless, even if prejudgment interest was not mentioned in the Judgment, Jewelcor was not without an opportunity to seek prejudgment interest. This could have been accomplished by filing a timely motion under Fed. R. Civ. P. 59(e). Plaintiffs recognized this by submitting such a motion on April 8, 2005. Unfortunately, the motion had to be filed within ten (10) days of the judgment in order for the court to retain jurisdiction.

Summing up, therefore, the absence of an award of prejudgment interest in the judgment was not an oversight or mistake and Rule 60(a) is inapplicable. The late filing of the Rule 59(e) motion deprives this court of jurisdiction to consider an award of prejudgment interest. Plaintiffs' Motion for Attorney' Fees, Interest and Costs (Doc. 186) will be denied to the extent that it seeks prejudgment interest. Furthermore, the motion for an extension of time under Rule 6(b) and Relief from Judgment under Rule 60(a) will also be denied. (Doc. 189). An appropriate order follows.

Date: August 5, 2005

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEWELCOR INCORPORATED, :
JEWELCOR JEWELERS AND :
DISTRIBUTORS, INC., and :
MARKETING OF JEWEL SERVICES, :
INC., :
    Plaintiffs :
                                 : CIVIL NO. **3:99-CV-1251**
v. :
                                 : (JUDGE NEALON)
MICHAEL KARFUNKEL and :
GEORGE KARFUNKEL, individually :
and M & G EQUITIES, a general :
partnership, and THE SALVATION :
ARMY, :
    Defendants :

## ORDER

AND NOW, THIS 5th DAY OF AUGUST, 2005, in accordance with the Memorandum filed herewith, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Prejudgment Interest (Doc. 186) is DENIED.

2. Plaintiffs' Motion for an Extension of Time pursuant to Rule 6(b) and Relief from Judgment pursuant to Rule 60(a) (Doc. 189) is DENIED.

                                                             _____
                                                             United States District Judge