IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEWELCOR INCORPORATED JEWELCOR JEWELERS AND DISTRIBUTORS, INC., and MARKETING OF JEWEL SERVICES, INC., | FILED SCRANTON OCT 0 4 2005 MARY E. D'ANDREA, CLERK Per_____ DEPUTY CLERK |
| Plaintiffs | |
| v. MICHAEL KARFUNKEL and GEORGE KARFUNKEL, individually and as partners trading as M & G EQUITIES, a general partnership, and THE SALVATION ARMY, | CIVIL NO. 99-1251 (JUDGE NEALON) |
| Defendants | |

## MEMORANDUM and ORDER

Presently before the court is a Motion for Reconsideration (Doc. 206) filed by Plaintiffs on August 19, 2005 following the court's August 5, 2005 order denying their motions for an extension of time under Rule 6(b) and Relief from Judgment under Rule 60(a). (Docs. 189, 204). A supporting brief was filed along with the motion. (Doc. 207). Defendants field a brief in opposition to the motion on September 8, 2005, to which Plaintiffs filed a reply brief on September 14, 2005. (Docs. 210, 213). The motion, which

challenges the court's ruling denying prejudgment interest, is now ripe for disposition and, for the reasons set forth below, the motion will be denied.

## BACKGROUND

This civil matter involved a commercial lease between Plaintiff Jewelcor, the lessee, and Defendant M& G Equities, the lessor. Litigation of the rights and obligations under the lease has been ongoing since 1991, and has proceeded in this court, the United States Bankruptcy Court for the Middle District of Pennsylvania and the Court of Appeals for the Third Circuit. The instant matter was initiated in this court on July 16, 1999, when Jewelcor filed a complaint alleging, *inter alia*, that it had been evicted from the leased premises by M & G and suffered monetary damages as a result of the eviction. (Doc. 1). In addition to denying Jewelcor's claims for damages, M & G submitted a counterclaim alleging that Jewelcor defaulted under an obligation in the lease requiring the lessee to make extensive repairs to the roof of the leased building. (Doc. 27).

After adjudicating dispositive motions by both parties, a non-jury trial was held in November, 2004. On March 22, 2005 the court concluded that Jewelcor was entitled to damages for M & G's breach of the lease consisting of the difference between the fair rental value of the leasehold, less rent due

under the lease, for the period of time that Jewelcor was dispossessed of the leasehold. It was further determined that M & G was not entitled to recover on its counterclaim seeking reimbursement for having replaced the roof. Accordingly, Judgment was entered in the amount of $448,602.99 in favor of Jewelcor on Count I of its complaint, and against M & G on its counterclaim.

Subsequently, on April 8, 2005, Plaintiff filed a Motion for Attorneys' Fees, Interest and Costs pursuant to Rules 54(c) and 59(e), (Doc. 186), which Defendants opposed as untimely filed. (Doc. 187). Plaintiffs thereafter amended their pleading on April 19, 2005, to a Motion for an Extension of Time pursuant to Rule 6(b) and for Relief from Judgment under Rule 60(a). (Doc. 189). Following briefing on all issues, it was determined that Plaintiffs' motion seeking prejudgment interest was governed by Rule 59(e) and thus improperly characterized as one brought under Rule 60(a). However, given the failure of Plaintiffs to file the motion within ten (10) days of the entry of judgment, the court concluded it lacked jurisdiction over the matter and denied relief. The present motion followed.

## DISCUSSION

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present

newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected. Voelkel v. GMC, 846 F.Supp. 1482, 1483 (D.Kan.1994), *aff'd*, 43 F.3d 1484 (10th Cir.1994). Indeed, "[a] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." Paramount Pictures Corp. v. Video Broad. Sys., Inc., No. 89-1412-C,

1989 WL 159369, at *1 (D.Kan. Dec.15, 1989) (citing <u>United States v. Carolina Eastern Chem. Co., Inc.</u>, 639 F.Supp. 1420, 1423 (D.S.C.1986)). Such motions are therefore not appropriate if the movant intends only that the court hear new arguments or supporting facts. <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). The only circumstances, therefore, in which a court may appropriately grant a motion for reconsideration: (1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; or (3) where there has been a change in the law. <u>Renfro v. City of Emporia, Kansas</u>, 732 F.Supp. 1116, 1117 (D.Kan.1990), *aff'd*, 948 F.2d 1529 (10th Cir.1991); <u>Ferguson v. McKune</u>, 55 F.Supp.2d 1189, 1192, (D.Kan.,1999), *rev'd on other grounds*, <u>Ferguson v. McKune</u>, 229 F.3d 1163 (10th Cir. 2000). (10th Cir. 2000).

In <u>Osterneck v. Ernst & Whinney</u>, 489 U.S. 169, 109 S.Ct., 987, 103 L.Ed. 146 (1989), Justice Kennedy, speaking for a unanimous court, stated in footnote 3:

> We do not believe the result should be different where prejudgment interest is available as a matter of right. It could be argued that where a party is entitled to prejudgment interest as a matter of right, a reexamination of issues relevant to the underlying merits is not

> necessary, and therefore the motion should be deemed collateral in the sense we have used that term. However, mandatory prejudgment interest, no less than discretionary prejudgment interest, serves to "remedy the injury giving rise to the [underlying] action," Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200, 108 S.Ct. 1717, 1721, 100 L.Ed. 2d 178 (1988), and in that sense is part of the merits of the district court's decision. Moreover, as we said last Term in Budinich: "[W]hat is of importance here is not preservation of conceptual consistency in the status of a particular [type of motion] as 'merits' or 'nonmerits,' but rather preservation of operational consistency and predictability in the overall application of the [finality requirement] of § 1291." Ibid. "Courts and litigants are best served by the bright-line rule, which accords with traditional understanding," ibid., that a motion for prejudgment interest implicates the merits of the district court's judgment.

Id. at 176.

While the evaluation of the court in footnote 3 in Osterneck may be considered as dicta, that doesn't mean it should not be considered by lower courts. Official Committee of Unsecured Creditors of Cybergenics Corp., ex rel. Cybegenics Corp. V. Chinery, 330 F.3d 548 (3d Cir. 2003) (Although the Supreme Court dicta are not binding on the Court of Appeals, the Court of Appeals does not view such dicta lightly. The Supreme Court uses dicta to help control and influence the many issues it cannot decide because of its

limited docket.); In re McDonald, 205 F.3d 606 (3d Cir. 2000) (Courts should not idly ignore a considered statement that the Supreme Court makes in dicta.); Deedham v. Cumberland, 972 F.2d 453 (1st Cir. 1992) (Courts often, quite properly, give considerable weight to dictum, particularly to dictum that seems considered as opposed to casual.); Town Sound and Custom Tops, Inc., v. Chrysler Motors Corp., 959 F.2d 468 (3d Cir. 1992)(Courts of Appeal generally consider and respect Supreme Court dicta as well as its holdings, because the Supreme Court hears relatively few cases and only uses dicta to give guidance to the lower courts.); McCoy v. Massachusetts Inst. Of Technology, 950 F.2d 13 (1st Cir. 1991) (Court of Appeals should ordinarily respect considered Supreme Court dicta.).

Plaintiff has cited pre-Osterneck cases, viz., Barris v. Bob Drag Chutes & Safety Equip., Inc., 717 F2d 52 (3d Cir. 1983), Hayder v. Scott Aviation, 684 F2d 270 (3d Cir. 1982) and Glick v. White Motor Co., 458 F2d 270 (3d Cir. 1982) in support of its argument that Rule 60(a) is the appropriate vehicle for seeking an award of prejudgment interest. As noted herein, these cases predate Osterneck and did not have the benefit of the court's reasoning in that case. In a post-Osterneck case cited by Plaintiffs, Pfizer Inc. v. Uprichard, ---- F.3d ----, 2005 WL 2077257 (3d Cir. 2005), the Rule 60(a)

-7-

motion to correct judgment requested the court to include the pre-judgment interest <u>previously agreed upon</u>. "It is well established that where a party seeks to alter a judgment to reflect the District Courts' <u>grant</u> of prejudgment interest, Rule 60(a) is the proper avenue for making such a request." <u>Id</u>. (slip opinion at 10)(emphasis added). <u>Pfizer</u> did not dispute Uprichard's entitlement to prejudgment interest and the district courts' judgment, unlike our case, specifically included the words "plus prejudgment interest." Consequently, although Plaintiffs maintain that this recent decision constitutes a "change in the law" so as to enable the court to reconsider its earlier decision, this case is clearly distinguishable. Whereas <u>Pfizer</u> determined that a Rule 60(a) motion was the proper vehicle for a party making a request to alter the court's judgment to reflect an award of prejudgment interest which had been stipulated by the parties, the instant case neither had a stipulation by the parties that there would be an award of prejudgment interest, or the amount thereof, nor did the court in it March 22, 2005 order make an award of prejudgment interest. Although Plaintiffs contend that the court alleged failure to award prejudgment interest was error, the appropriate vehicle under the circumstances for Plaintiffs to obtain prejudgment interest on its award was merely to file a Rule 59(e) motion requesting such interest in a timely manner.

Because the error lies not in the court's Memorandum and Order but in the timeliness of Plaintiffs' motion, it will decline to revisit the issue and reconsider the earlier order. To summarize, therefore, the motion for prejudgment interest was denied, not because it was not addressed, or failed to be considered in the March 22, 2005 memorandum and Order, but rather because Plaintiffs' motion failed to be filed within the statutorily prescribed time period.

Plaintiff also cites Keith v. Truck Stops Corp. Of America, 909 F2d 743 (3d Cir. 1990) but the language quoted therein merely identifies the issue, viz., "If the motion here involved was properly made under Rule 60(a), it would have been timely," but the court concluded that it was not properly made under Rule 60(a) and should have been made pursuant to Rule 59(e). Thus, the court determined that the award involved in that case, a discretionary award, should have been made by a motion under Rule 59(e) and not under Rule 60(a). Similarly, reliance on Rosen v. Rucker, 905 F2d 702 (3d Cir. 1990), is misplaced. In that case, the court in considering the issue of an award of delay damages *vis-a-vis* discretionary prejudgment interest, made a passing reference in footnote 2 of the language in Osterneck that Rule 59(e), not Rule 60(a), was applicable even where prejudgment interest was available

as a matter of right.  In sum, there has been no case subsequent to Osterneck in which the Court of Appeals questioned or refused to adopt the statement in that case that "We do not believe the result should be different where prejudgment interest is available as a matter of right." Id. at 176.

Plaintiffs obviously believed that Rule 59(e) was to be utilized in seeking an award of prejudgment interest because their initial filing of a Motion for Attorneys' Fees, Interest and Costs on April 8, 2005 (Doc. 186) was a motion brought under Rule 59(e), not Rule 60(a).  Unfortunately, this filing was untimely.

For the reasons herein enumerated, the Motion for Reconsideration (Doc. 206) will be denied.  An appropriate order follows.


Date: October 4, 2005          s/ William J. Nealon
                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEWELCOR INCORPORATED :
JEWELCOR JEWELERS AND :
DISTRIBUTORS, INC., and :
MARKETING OF JEWEL :
SERVICES, INC., :
 :
    Plaintiffs :
 :
 :
    v. : CIVIL NO. 99-1251
MICHAEL KARFUNKEL and : (JUDGE NEALON)
GEORGE KARFUNKEL, :
individually and as partners :
trading as M & G EQUITIES, :
a general partnership, and :
THE SALVATION ARMY, :
 :
    Defendants :

### ORDER

AND NOW, THIS 4TH DAY OF OCTOBER, 2005, IT IS HEREBY ORDERED THAT:

Plaintiffs' Motion for Reconsideration (Doc.206) Is DENIED.

                          s/ William J. Nealon
                          United States District Judge