IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEWELCOR INCORPORATED
JEWELCOR JEWELERS AND
DISTRIBUTORS, INC., and
MARKETING OF JEWEL
SERVICES, INC.,

    Plaintiffs

    v.

MICHAEL KARFUNKEL and
GEORGE KARFUNKEL,
individually and as partners
trading as M & G EQUITIES,
a general partnership, and
THE SALVATION ARMY,

    Defendants

CIVIL NO. 99-1251
(JUDGE NEALON)

## MEMORANDUM and ORDER

Presently before the court is a Motion for Attorneys' Fees (Doc. 186)[1] filed by plaintiffs on April 8, 2005, with supportive pleadings filed thereafter. (Docs. 192, 196-197). After the parties submitted briefs as to the timeliness of the motion, and plaintiffs alternatively moved for an extension of time, on August 3, 2005, the court issued an order granting the Motion for an

---

1. The Motion was captioned "Motion for Attorneys' Fees, Interest and Costs," however, the issues of attorneys' fees and interest have been bifurcated.

extension of time, thereby rendering the motion for attorneys' fees timely. (Doc. 203).  Defendants subsequently filed a brief in opposition on August 18, 2005 (Doc. 205), to which Plaintiff filed a Reply on September 9, 2005.  (Doc. 209). The motion is now ripe for disposition and, for the reasons set forth below, will be granted.

BACKGROUND

This civil matter involved a commercial lease between Plaintiff Jewelcor, the lessee, and Defendant M& G Equities, the lessor.  Litigation of the rights and obligations under the lease has been ongoing since 1991, and has proceeded in this court, the United States Bankruptcy Court for the Middle District of Pennsylvania and the Court of Appeals for the Third Circuit. The instant matter was initiated in this court on July 16, 1999, when Jewelcor filed a complaint alleging, *inter alia*, that it had been evicted from the leased premises by M & G and suffered monetary damages as a result of the eviction. (Doc. 1).  In addition to denying Jewelcor's claims for damages, M & G submitted a counterclaim alleging that Jewelcor defaulted under an obligation in the lease requiring the lessee to make extensive repairs to the roof of the leased building. (Doc. 27).

After adjudicating dispositive motions by both parties, a non-jury trial was held in November, 2004. On March 22, 2005, the court concluded that Jewelcor was entitled to damages for M & G's breach of the lease consisting of the difference between the fair rental value of the leasehold, less rent due under the lease, for the period of time that Jewelcor was dispossessed of the leasehold. It was further determined that M & G was not entitled to recover on its counterclaim seeking reimbursement for having replaced the roof. Accordingly, judgment was entered in the amount of $448,602.99 in favor of Jewelcor on Count I of its complaint, and against M & G on its counterclaim.

Subsequently, on April 8, 2005, Plaintiff filed a Motion for Attorneys' Fees, Interest and Costs pursuant to Rules 54(d) and 59(e), (Doc. 186), which Defendants opposed as untimely inasmuch as it was not filed within fourteen (14) days. (Doc. 187). Plaintiffs thereafter amended their pleading on April 19, 2005, to a Motion for an Extension of Time pursuant to Rule 6(b) and for Relief from Judgment under Rule 60(a). (Doc. 189). Following briefing on all issues, the court granted plaintiffs' motion for an extension of time with respect to attorneys' fees, but denied it as to prejudgment interest concluding it lacked jurisdiction over the latter and denied relief.

## DISCUSSION

Federal Rule of Civil Procedure 54(d) provides as follows:

(2) Attorneys' Fees
    (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

    (B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

Fed. R. Civ. P. 54(d)(2). The terms of the underlying Lease in this case provide for recovery of attorneys' fees which were to be tendered within five (5) days of the prevailing party's submission of its bill.[2] Lease, pp. 34-35.

---

2.    The Lease provides as follows:
    In the event either party incurs any costs of expenses in enforcing any of the covenants and provisions of this lease, all such costs and expenses including, but not limited to, reasonable attorneys' fees, shall be paid by the defaulting party. In the event of any action or proceeding brought by either party to this lease against the other, all costs, expenses and attorneys' fees incurred in connection therewith by the party prevailing in such action or proceeding shall be payable by the party not prevailing and may be included in and form a part of any judgment entered in any such action or proceeding. All such
(continued...)

Defendants opposed Plaintiffs' motion by contending that it was filed on April 8, 2005, seventeen (17) days after judgment was entered and, therefore, was untimely under Fed.R.Civ.P. 54(d)(2)(B) which requires filing the motion fourteen (14) days after judgment.  Subsequently, after full briefing, on August 3, 2005, the court granted additional time for Plaintiffs to file the motion and, thus, it was timely.

Additionally, Defendants argue that, because the lease had a specific provision regarding attorneys' fees, under Fed.R.Civ.P. 54(d)(2)(A), the Plaintiffs were obligated to prove the fees as an element of damages at trial. In support, Defendants cite Paragraph (2) of the Advisory Committee Notes to the 1993 amendments interpreting Rule 54 (d)(2)(A), which states:

> **Paragraph (2).** This new paragraph establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as "costs." It applies also to requests for reimbursement of expenses, not taxable as costs, when recoverable under governing law incident to the award of fees. Cf. West Virginia Univ. Hosp. v. Casey, --- U.S. ---- (1991), holding, prior to the Civil Rights Act of 1991, that expert witness fees were not recoverable under 42 U.S.C. § 1988. *As noted in subparagraph (A), it does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and*

---

2.  (...continued)
    amounts due under this sub-paragraph (k) shall be paid within five (5) days of the rendition of a bill or statement therefor. Pp. 34-35.

*may involve issues to be resolved by a jury.* Nor, as provided in subparagraph (E), does it apply to awards of fees as sanctions authorized or mandated under these rules or under 28 U.S.C. § 1927. (emphasis added.)

This contention was answered and rejected in <u>Kripplebauer v. Celotex Corp.</u>, 2004 U.S. Dist. LEXIS 23998 (M.D. Pa. November 2, 2004)(Conaboy, J.), with the following reasoning:

> This statutory and committee note cannot be read to mean that any time recovery of attorneys' fees are sought pursuant to the terms of a contract, the amount of damages must be presented to a jury. Significantly, the committee note uses the words 'typically' and 'may.' The choice of these permissive modifiers indicates that when fees are sought under the terms of a contract there are atypical cases in which the amount of fees are not sought in a pleading and/or the case does not involve issues for a jury to resolve. . . [.] Nothing in the statutory provision or notes precludes the recovery of attorneys' fees through the procedure used in this case. [The] cited cases at most support that it is within a court's discretion to put the award of contractually based attorneys' fees and expenses to the jury, and that some courts in Pennsylvania have <u>implied</u> in facts distinguishable from the case at bar that contractual attorneys' fees are an element of damages to be proved at trial. These cases do not indicate that the Court's procedural determination regarding attorneys' fees is improper.

<u>Id.</u> at 16-17.

Moreover, the language of the lease supports Judge Conaboy's analysis. It states "[a]ll such amounts due under this sub-paragraph (k) shall be paid within five (5) days of the rendition of a bill or statement therefor." This provision contemplates the computation of attorneys' fees and costs by the prevailing party and submission of the bill to the losing party who must make payment within five (5) days. The "rendition of a bill or statement" must necessarily await a judgment that identifies the prevailing party.

Consequently, it is concluded that the claim for attorneys' fees need not have been presented in Plaintiffs' case in chief.[3]

Defendants also maintain that Plaintiffs are foreclosed from seeking attorneys' fees because the claim was not specifically pleaded as required under Fed.R.Civ. P. 9(g). The purpose for requiring such a pleading is to put the opposing party on notice that such fees are being sought in order to avoid surprise should a later claim be made. In this case, Defendants received ample notice of the potential claim through Plaintiff's Pretrial Memorandum as well as other pleadings, documents, and testimony. Furthermore, the contract itself provided notice that the prevailing party would be entitled to counsel

---

3. It should be noted that this case was heard by the court without a jury and the claim for attorneys' fees would, in any event, be decided by the court.

fees after submitting the claim post-trial to the losing party. This objection will be overruled.

Finally, Defendants challenge the Plaintiffs' claim for fees commencing on January 3, 1995, four and a half years before this litigation began.

Counsel for the parties will be directed to meet and confer personally in an attempt to reach stipulations on the issue of counsel fees and then advise the court no later than November 1, 2005, as to unresolved matters that will require a hearing.

Date: October  20 , 2005          _____
                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEWELCOR INCORPORATED<br>JEWELCOR JEWELERS AND<br>DISTRIBUTORS, INC., and<br>MARKETING OF JEWEL<br>SERVICES, INC.,<br><br>    Plaintiffs<br><br>    v.<br>MICHAEL KARFUNKEL and<br>GEORGE KARFUNKEL,<br>individually and as partners<br>trading as M & G EQUITIES,<br>a general partnership, and<br>THE SALVATION ARMY,<br><br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   CIVIL NO. 99-1251<br>:   (JUDGE NEALON)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this \_\_\_20th\_\_\_ day of October, 2005, in accordance with the Memorandum this day filed, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Attorneys' Fees (Doc. ) is GRANTED.

2. The parties are to submit a Joint Report on or before November 1, 2005, identifying the issues, if any, that may require a hearing.

                                                     /s/
                                      United States District Judge